**LIZHEN ZHENG, a.k.a. Li Zhen Zheng, Petitioner,**

v.

**Eric H. HOLDER Jr., U.S. Attorney General,[1] Respondent.**

No. 08–4543–ag.

United States Court of Appeals, Second Circuit.

June 25, 2009.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

Theodore N. Cox, New York, NY, for Petitioner.

Michael F. Hertz, Acting Assistant Attorney General; Richard M. Evans, Assistant Director; Allen W. Hausman, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT D. SACK and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

## SUMMARY ORDER

Petitioner, Lizhen Zheng, a native and citizen of the People's Republic of China, seeks review of the September 4, 2008 order of the BIA affirming the March 9, 2007 decision of Immigration Judge ("IJ") Alan A. Vomacka denying petitioner's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Lizhen Zheng,* No. A 78 700 186 (B.I.A. Sept. 4, 2008), *aff'g* No. A 78 700 186 (Immig. Ct. N.Y. City Mar. 9, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, we consider both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey,* 514 F.3d 233, 237 (2d Cir.2008). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir.2007). We review *de novo* questions of law and the application of law to undisputed fact. *Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

Substantial evidence supports the agency's adverse credibility determination. *See Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). Petitioner argues that it was improperly based on speculation and conjecture. Specifically, petitioner challenges the IJ's reliance on a U.S. State Department report in finding that the abortion certificate the petitioner submitted undermined her claim that her abortion was forced. Although observations of State Department country reports "do not automatically discredit contrary evidence presented by the applicant," *Tian–Yong Chen v. INS,* 359 F.3d 121, 130 (2d Cir. 2004), however, we have held repeatedly that the agency does not err by relying on a State Department report in concluding that a so-called "abortion certificate" undermines an applicant's claim that her abortion was forced, *see, e.g., Tu Lin v. Gonzales,* 446 F.3d 395, 400 (2d Cir.2006); *Shu Wen Sun v. BIA,* 510 F.3d 377, 380 (2d Cir.2007). This, together with other inconsistencies in petitioner's account regarding the abortion (e.g. the amount of time the procedure took) suffice to support the adverse credibility finding.

The petitioner's allegation that the agency failed to consider her corroborating documents also fails. In the absence of compelling evidence to the contrary, we will assume that the IJ has considered the evidence of record. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 337 n. 17 (2d Cir.2006). He or she need not expressly parse or refute that evidence to persuade the Court that it has done so. *Id.* Here, however, the IJ did explicitly consider the evidence that the petitioner submitted. And the IJ did not err in

placing little weight on the documents submitted by the petitioner. *Id.* at 341. For example, the IJ observed that petitioner's sister's letter was suspiciously similar to petitioner's asylum application. *See Mei Chai Ye v. U.S. Dep't of Justice,* 489 F.3d 517, 524 (2d Cir.2007); *Surinder Singh v. BIA,* 438 F.3d 145, 148 (2d Cir.2006).

Viewed as a whole, the IJ's adverse credibility determination was supported by substantial evidence. Because the only evidence that petitioner was likely to be persecuted or tortured depended upon her credibility, the adverse credibility determination in this case necessarily precludes success on her claims for asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

Finally, the petitioner argues that the IJ's bias made it impossible for the petitioner to receive a full and fair hearing, in violation of her due process rights. As we have held, "when an IJ's conduct results in the appearance of bias or hostility such that [this Court] cannot conduct a meaningful review of the decision below, [this Court] remand[s]." *Ali v. Mukasey,* 529 F.3d 478, 490 (2d Cir.2008) (quoting *Islam v. Gonzales,* 469 F.3d 53, 55 (2d Cir.2006)(internal quotation marks omitted)). However, the IJ appeared to do no more than express frustration during the proceeding, which alone does not represent fatal "bias." *See Liteky v. United States,* 510 U.S. 540, 555–56, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994).

For the foregoing reasons, the petition for review is hereby DENIED. Having completed our review, we DISMISS the

petitioner's pending motion for a stay of removal as moot.